**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PMC, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOMCO CONSTRUCTION, INC., *et al.*, <br><br> Defendants. | Case No. 2:21-cv-13470 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are three motions. The first motion is Plaintiff PMC, Inc.'s ("PMC") Motion to Remand this matter to the Superior Court of New Jersey, Hudson County Vicinage. (ECF No. 9.) Defendants Excel Environmental Resources, Inc. ("Excel") and Matthew Mauro ("Mauro") (collectively, the "Excel Defendants") opposed (ECF No. 13), and PMC replied (ECF No. 16). The second motion is the Excel Defendants' Motion for Leave to File Surreply in Further Opposition to PMC's Motion for Remand and for Leave to Amend Notice of Removal. (ECF No. 17.) PMC opposed (ECF No. 20), and the Excel Defendants replied (ECF No. 24). The third motion is the Excel Defendants' Motion for Leave to File Third Party Complaint (ECF. No. 11.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, PMC's Motion to Remand is **GRANTED IN PART** and **DENIED IN PART**; and the Excel Defendants' Motion for Leave to File a Surreply and for Leave to Amend Notice of Removal is **DENIED**.

**I.     BACKGROUND**

PMC is a Delaware corporation headquartered in California and owner of real property located in Kearny, New Jersey. (Am. Compl. (ECF No. 1-1) at ¶¶ 2, 9.) On June 7, 2021, PMC filed an Amended Complaint in the Superior Court of New Jersey, Hudson County Vicinage, against Tomco Construction, Inc. ("Tomco") and the Excel Defendants for damages to PMC's property resulting from water or other material allegedly discharged onto wetlands adjacent to the property. (*Id.* ¶¶ 1, 3–5, 8, 15–18.) The Amended Complaint, which makes no mention of Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, or other federal laws, alleges five state law causes of action: negligence/trespass, vicarious liability for negligence, negligent supervision, nuisance, and professional negligence. (*Id.* ¶¶ 19–39.)

On July 8, 2021, the Excel Defendants filed a Notice of Removal to this Court on the basis of diversity jurisdiction. (ECF No. 1.) The Notice of Removal states:

> This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000. Consequently, this matter is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

(*Id.* at ¶ 10.)

On August 4, 2021, PMC filed the Motion to Remand. (ECF No. 9.) PMC alleges this case should be remanded because the Excel Defendants, along with their co-defendant Tomco, are New Jersey citizens and, therefore, the Excel Defendants' removal violated the "forum defendant rule." (Pl.'s Mot. Br. (ECF No. 9-2) at 4–6.) PMC also seeks an award of costs and expenses incurred in bringing the remand motion because the Excel Defendants lacked an objectively reasonable basis for removal. (*Id.* at 7–8.) On August 24, 2021, the Excel Defendants opposed PMC's remand

motion (ECF No. 13), to which PMC filed a reply in further support of its motion on August 31, 2021 (ECF No. 16). Then, on September 2, 2021, the Excel Defendants filed a motion for leave to file a surreply in further opposition to PMC's remand motion and for leave to amend the notice of removal. (ECF No. 17.) PMC opposed this motion on September 20, 2021. (ECF No. 20.) On September 27, 2021, the Excel Defendants filed a reply in support of the motion for leave to file a surreply. (ECF No. 24.)

## II.   LEGAL STANDARD

Pursuant to § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant seeking to remove a case to federal court must do so within 30 days after being served with the complaint. 28 U.S.C. § 1446(b). The notice of removal must "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

"One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). The other category of cases over which district courts have original jurisdiction are "cases involving diversity jurisdiction pursuant to 28 U.S.C. § 1332, encompassing, for the most part, those disputes between citizens of different states involving the requisite amount in controversy[.]" *New Jersey v. City of Wildwood*, 22 F. Supp. 2d 395, 400 (D.N.J. 1998). However, an "action otherwise

removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Stated differently, this rule, known as the "forum defendant rule," precludes removal based on diversity where a defendant is a citizen of the state in which the plaintiff originally filed the case. *See Williams v. Daiichi Sankyo, Inc.*, 13 F. Supp. 3d 426, 433 (D.N.J. 2014) (holding removal by non-forum defendants was improper because of the presence of three forum defendants).

A plaintiff may move to remand within 30 days after removal. 28 U.S.C. § 1447(c). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987))).

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Russ v. UNUM Life Ins. Co.*, 442 F. Supp. 2d 193, 200 (D.N.J. 2006).

### III. DECISION

#### A. Motion to Remand

PMC's remand motion is premised on the application of the forum defendant rule because the matter was removed to this Court on the basis of diversity jurisdiction and all defendants are New Jersey citizens. (ECF No. 9-2 at 5–6.) In opposing the motion, the Excel Defendants concede the action was removed on the basis of diversity jurisdiction and argue remand should be denied

because Excel and Mauro were fraudulently joined in this action. (ECF No. 13 at 1, 6–9.) The Excel Defendants also contend the Court has federal question jurisdiction because CERCLA and "other federal laws" provide exclusive federal jurisdiction over PMC's claims and because the Excel Defendants' defenses and counterclaims raise issues related to CERCLA and other federal laws. (*Id.* at 9–12.) In PMC's reply brief, it argues the Excel Defendants failed to refute the forum defendant rule applies because they did not argue, let alone demonstrate, Tomco was improperly joined. (ECF No. 16 at 5.) PMC further argues the Excel Defendants were not fraudulently joined, and their federal question jurisdiction argument is both unsupported by law and untimely raised. (*Id.* at 6–9.) PMC asserts is Amended Complaint alleges only state common law claims and requests recovery under state law. (*Id.* at 8.) In a footnote, PMC observes the Excel Defendants did not move to dismiss the claims against them, choosing instead to file an answer, suggesting the weakness of their fraudulent joinder argument. (*Id.* at 6, n.1.)

### B. Motion for Leave

The Excel Defendants' motion seeks both leave to file a surreply and leave to amend their removal notice. The first part of their motion contends leave to file a surreply is necessary to address the following arguments in PMC's reply brief: (1) the Excel Defendant's failure to move to dismiss the claims against them supports PMC's position joinder was not fraudulent; (2) the federal question argument premised on CERCLA is untimely; and (3) CERCLA does not preempt PMC's state law claims. (ECF No. 17-2 at 1–2.)[1] PMC responds leave should be denied because

---

[1] The Excel Defendants also contend "despite knowledge that PMC was embroiled in a federal environmental contamination suit, PMC certified that the matter at issue is not subject to any pending action and there are no known parties who should be joined in this action." (ECF No. 17-2 at 1. They do not allege PMC raised this argument for the first time in its reply brief, nor did PMC raise this in its reply. (*See id; see also* ECF No. 16.) Therefore, the Court rejects this argument as a basis to grant the Excel Defendants' leave to file a surreply.

its reply brief merely responds to the Excel Defendants' arguments raised in opposition to remand, which arguments were outside the four corners of the notice of removal. (ECF No. 20 at 5–6.)

The second part of their motion relates to a pending federal suit captioned *Occidental Chemical Corporation v. 21st Century Fox America, Inc.*, Civ. A. No. 18-11273 (D.N.J. June 29, 2018). The Excel Defendants contend they recently discovered the existence of the suit, and a defendant in the suit, "PMC Global Inc.," has asserted a third-party claim[2] for relief under CERCLA for the same property that is the subject of PMC's Amended Complaint. (ECF No. 17-2 at 4.) The Excel Defendants claim PMC and PMC Global Inc. are one and the same such that the state law claims against the Excel Defendants here should be considered federal claims. (*Id.*) The Excel Defendants argue leave to amend the removal notice should be granted to add federal question jurisdiction because the request is timely and is premised on this "new" information. (*Id.*) Specifically, they claim they were not aware of the existence of *Occidental* until after filing both their notice of removal and opposition to remand. (*Id.* at 4–5.) PMC responds *Occidental* is "years-long," "entirely unrelated," and could have easily been located prior to the filing of the removal notice or opposition brief. (ECF No. 20 at 5–6.)

C. **Federal Question Jurisdiction**

The Excel Defendants' argument in opposing remand—federal question jurisdiction exists independently of diversity jurisdiction—and their argument in support of leave to amend the removal notice to add federal question jurisdiction based on their discovery of *Occidental* are related both because of the timing and nature of the arguments. The Court will address these arguments together.

---

[2] The Excel Defendants do not allege they are parties to *Occidental* or PMC Global Inc. asserted any CERCLA claims against them in *Occidental*.

The procedure for removal is set forth in 28 U.S.C. § 1446. A defendant wishing to remove files a notice of removal "containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). "A party may freely amend the notice of removal within the thirty-day period provided by § 1446(b) to remove an action." *Pickett v. Marriott Int'l, Inc.*, Civ. A. No. 13-6556, 2014 U.S. Dist. LEXIS 74790, at *5 (D.N.J. Mar. 24, 2014) (citing *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.13 (3d Cir. 2003)). However, after the 30-day period expires, amendment to the notice of removal "will be permitted only to the extent that it clarifies or corrects an allegation already contained in the original notice" but not to add a new basis for removal jurisdiction. *Id.*, at *9 (citing *USX Corp.*, 345 F.3d at 205 n.12 (citing 28 U.S.C. § 1653)); *see Fenza's Auto, Inc. v. Montagnaro's, Inc.*, Civ. A. No. 10-3336, 2011 U.S. Dist. LEXIS 29696, at *31 (D.N.J. Mar. 21, 2011) ("[A]mendments to remedy a 'substantive defect in the [removal] petition,' i.e., to add a new basis for federal jurisdiction, are not permitted.") (citing *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574, 579 (S.D. Miss. 2000)); *see also ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'") (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)).

Strictly construing § 1446, *see Samuel-Bassett*, 357 F.3d at 396; *Daiichi Sankyo, Inc.*, 13 F. Supp. at 429, an opposition to remand filed more than thirty days after removal in which a defendant raises, for the first time, an argument for a wholly new jurisdictional basis for removal is not an amended notice of removal filed in conformance with § 1446. Therefore, a defendant may not add an entirely new basis for this Court's removal jurisdiction by raising it only in an opposition brief filed more than thirty days after removal. *See Akins v. Radiator Specialty Co.*, Civ. A. No. 3:05-451, 2006 U.S. Dist. LEXIS 71076, at *4 (W.D. Pa. Sep. 29, 2006) (citing *USX*

7

*Corp.*, 345 F.3d at 205-206 n.11) (rejecting the defendants' "new and independent basis for federal question jurisdiction" raised in their response to the plaintiffs' remand motion).

The Excel Defendants, having removed on the basis of diversity jurisdiction, asserted federal question jurisdiction as the grounds for removal in their opposition to remand filed more than thirty days after removal. This new basis for jurisdiction will not be considered. *See Akins*, 2006 U.S. Dist. LEXIS 71076, at *4. Therefore, the Court does not address the merits of Excel's argument in opposing remand that PMC's state law claims present federal question jurisdiction.[3]

Additionally, the Excel Defendants seek leave to amend the removal notice to add federal question jurisdiction as a new basis for removal outside of § 1446's thirty-day window. Such an amendment is impermissible. *See Fenza's Auto, Inc.*, 2011 U.S. Dist. LEXIS 29696, at *38 (finding the defendants were procedurally barred from asserting a new basis for jurisdiction not included in their initial notice of removal where their supplemental notice of removal was untimely); *see also Blakeley*, 105 F. Supp. 2d at 579 (collecting cases holding defendants may not amend their notice of removal to include a new basis for federal jurisdiction after § 1446(b)'s thirty-day period expires). The Excel Defendants motion for leave to amend the notice of removal is **DENIED**.

---

[3] The Excel Defendants claim federal question jurisdiction attaches because CERCLA and other federal laws provide the exclusive remedy for PMC's claims. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Because the Excel Defendants' claimed federal question jurisdiction is untimely, the Court makes no finding as to whether PMC's Amended Complaint raises issues of federal law under the "well-pleaded complaint" rule sufficient to confer federal question jurisdiction or the relatedness of *Occidental* to the case here. The Court observes, however, that the Amended Complaint makes no reference to CERCLA or other federal laws. (ECF No. 1-1.)

### D. Forum Defendant Rule

Because the Court concludes the Excel Defendants may not belatedly assert removal on the basis of federal question, the Court has original jurisdiction over this action only if the Excel Defendants have properly removed on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). More specifically, the issue presented in this remand motion concerns whether 28 U.S.C. § 1441, which contains the forum defendant rule, requires remand.

Not every diversity case is removable. 28 U.S.C. § 1441(b) states as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section § 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought.

§ 1441(b)(2).

PMC chose to commence its lawsuit against the Excel Defendants and Tomco in New Jersey state court. For the Excel Defendants to invoke the Court's diversity jurisdiction, they must satisfy the § 1441(b) requirements. There is no dispute the three defendants here are citizens of New Jersey. (ECF No. 9-2 at 4; ECF No. 13 at 6.) The Excel Defendants do not dispute Tomco was properly served and joined. (ECF No. 13.) Accordingly, the "forum defendant rule" requires a remand to state court because removal was improper. *See Williams*, 13 F. Supp. 3d at 433 (remanding to state court where three defendants were New Jersey citizens); *King v. McEntee*, Civ. A. No. 16-7479, 2016 U.S. Dist. LEXIS 163947, at *4–5 (D.N.J. Nov. 28, 2016) (remanding to state court where the defendant did not dispute he is a forum defendant). The Court need not consider the Excel Defendants' argument as to the inapplicability of the forum defendant rule due to their alleged fraudulent joinder because the forum defendant rule still applies to Tomco. Accordingly, PMC's remand motion is **GRANTED**.

### E. Leave to File a Surreply

In the District of New Jersey, a surreply can be filed only with leave of the Court and at the Court's discretion. L. Civ. R. 7.1(d)(6). A surreply brief may be permitted by the Court to respond to new arguments raised in the reply brief, "or explain a position in the initial brief that the respondent refuted." *Smithkline Beecham PLC v. Teva Pharm. U.S., Inc.*, Civ. A. Nos. 04-0215, 05-0536, 2007 U.S. Dist. LEXIS 45703, at *3 (D.N.J. June 22, 2007) (citing cases); *see also Delrio-Mocci v. Connolly Props.*, Civ. A. No. 08-2753, 2009 U.S. Dist. LEXIS 84459, at *11 (D.N.J. Sep. 16, 2009) (finding a surreply was unnecessary because the defendant's reply brief did not raise any new arguments nor contain any statements requiring correction or further explanation).

Here, PMC's reply brief is appropriately responsive to the issues raised in the Excel Defendants' opposition brief. PMC's footnote suggesting the weakness of the Excel Defendants' joinder claim is in direct response to their argument they were fraudulently joined. As to PMC's arguments related to the timeliness of the Excel Defendants' federal question jurisdiction claim or CERCLA arguments, PMC cannot be expected to have raised these issues in their remand motion when diversity jurisdiction was the basis for removal and the Amended Complaint made no mention of federal law, let alone CERCLA. After reviewing the Excel Defendants' submissions, including the proposed surreply as well as the accompanying motion, the Court concludes the conditions warranting a surreply have not been met. The Excel Defendants' motion for leave to file a surreply is **DENIED**. [4]

---

[4] The Excel Defendants' proposed surreply, even had the Court allowed it to be filed, would not affect the outcome of the Court's decision regarding the Motion to Remand or Motion for Leave to Amend the Notice of Removal.

### F. Attorneys' Fees

PMC requests attorneys' fees and costs from the Excel Defendants for removing this action despite notice such removal violated the forum defendant rule. Section 1447(c) provides an "order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award attorneys' fees is a matter of discretion and, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Russ*, 442 F. Supp. 2d at 200 (quoting *Martin*, 546 U.S. at 141). An award is generally improper unless "the removing party lacked an objectively reasonable basis for seeking removal." *Id*. (quoting *Martin*, 546 U.S. at 141).

Although the Court agrees with PMC remand is required, the circumstances here do not warrant an award of costs. The Excel Defendants' arguments based on federal question, while untimely, are sufficient to constitute a "reasonable basis" for seeking removal. *See Bauer v. Glatzer*, Civ. A. No. 07-4501, 2007 U.S. Dist. LEXIS 92185, at *8 (D.N.J. Dec. 17, 2007) ("The basis for Defendant['s] . . . removal to the Court is not rendered unreasonable simply because Defendant . . . did not comply with the procedural requirements of 28 U.S.C. § 1446(b)."). Accordingly, PMC'S motion for costs and fees is **DENIED**.

### IV.   CONCLUSION

For the reasons set forth above, PMC's Motion to Remand (ECF No. 9) is **GRANTED IN PART** and **DENIED IN PART**; the Excel Defendants' Motion for Leave to File a Surreply and

for Leave to Amend Notice of Removal (ECF No. 17) is **DENIED**; the Excel Defendants' Motion for Leave to File a Third Party Complaint (ECF No. 11) is **DISMISSED** as **MOOT**.

        */s/ Brian R. Martinotti*
        **HON. BRIAN R. MARTINOTTI**
        **UNITED STATES DISTRICT JUDGE**

Dated: November 18, 2021